Eminent domain; taking; pendency of claim in another court. — On July 12, 1973 the court issued the following order:
“This claim is before us on petition and on defendant’s motion to dismiss, or, in the alternative, for summary judgment. Petitioners own a wharf on the Monongahela Kiver, a navigable stream. Defendant has constructed and is operat *1109 ing a dam raising the ‘pool elevation’ of tlxe water but not above the previous normal high water mark, thereby reducing the vertical distance 'between the floor of the wharf and the ordinary elevation of the river surface from ten to four feet. This interferes with utilization of the wharf by ships and barges navigating the river, and plaintiff says is a taking.
“Defendant exhibits a complaint by the same parties against the same defendant in the United States District Court, W. D. Pennsylvania, asserting what is plainly the same cause of action under the Tucker Act, 28 U.S.C. §§ 1346 and 1491, and filed earlier.
“Pursuant to 28 U.S.C. § 1300, this court cannot entertain a claim if a suit is pending on the same claim in another court. Even were this not so, the facts plaintiffs allege do not constitute a taking because of the navigation easement, whether or not the involved dam is for flood control as plaintiff says. Gibson v. United States, 166 U.S. 269 (1897); Allen Gun Club v. United States, 180 Ct. Cl. 423 (1967).
“it is therefore ordered that defendant’s motion for summary judgment is granted and plaintiffs’ petition is hereby dismissed.”
BY THE COURT
(Sgd) WlLSON CoWEN Chief Judge
(Sgd) Philip Nichols, Jr. Judge
(Sgd) ShiroKashiwa Judge